## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAQUEL THOMAS<br>    10822 Will Painter Drive<br>    Owings Mills, MD 21117<br><br>        Plaintiff,<br><br>vs.<br><br><br>RAYMOND DORSEY<br>    5212 Beachmere Terrace<br>    Chester, VA 23831<br><br>BLUEPRINT, LLC<br>    5212 Beachmere Terrace<br>    Chester, VA 23831<br><br><br>GRAB VISION GROUP, LLC<br>    600 Vine Street Suite 2500<br>    Cincinnati, OH 45202<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | COMPLAINT AND<br>JURY DEMAND<br><br>Civil Action No. _____ |

## <u>COMPLAINT</u>

COMES NOW, Plaintiff, Raquel Thomas ("Ms. Thomas"), brings this complaint in the United States District Court of Maryland against Raymond Dorsey ("Defendant Dorsey"); Blueprint, LLC; and Grab Vision Group, LLC; (collectively, "Defendants") alleging breach of contract, unjust enrichment, breach of fiduciary duty, civil conspiracy, and violations of other provisions of Maryland law.

## JURISDICTION & VENUE

1. This Court has jurisdiction to hear this case in diversity pursuant to 28 U.S. Code § 1332, for the reason stated below.

2. Ms. Thomas is now, and was at all times mentioned below, domiciled and a citizen of the State of Maryland.

3. Defendant, Raymond Dorsey, now is, and was at all times mentioned below, domiciled and a citizen of the Commonwealth of Virginia.

4. Defendant, Blueprint, LLC, now is, and was at all times mentioned below, a limited liability company registered in the Commonwealth of Virginia.

5. Defendant, Grab Vision Group, LLC, now is, and was at all times mentioned below, a limited liability company registered in the State of Ohio.

6. This is a civil action involving, exclusive of interests and costs, a sum in excess of $75,000.

7. Every issue of law and fact in this action is wholly between citizens of different states.

8. Venue is proper in this District, pursuant to 28 U.S.C.A. § 1391(a) because it is the District in which a substantial part of the events or omissions giving rise to the claim occurred and is Ms. Thomas's residence for purposes of 28 U.S.C.A. § 1391(c).

## FACTS OF CASE

9. Plaintiff Raquel Thomas is a resident of the State of Maryland residing in Owings Mills, Maryland.

10. On information and belief, Defendant Dorsey is a resident of the Commonwealth of Virginia and transacts business in several states including the State of Maryland.

11. On information and belief, Defendant Blueprint, LLC is a limited liability company registered in the Commonwealth of Virginia that transacts business in several states including the State of Maryland.

12. On information and belief, Defendant Grab Vision Group, LLC is a limited liability company registered in the State of Ohio and transacts business in several states including the State of Maryland.

13. Ms. Thomas and Defendant Dorsey have shared a friendship for over 10 years.

## THE MUSEUM SHOP INVESTMENT

14. Defendant Dorsey has represented to Ms. Thomas that he regularly engages in varied business transactions and investment opportunities.

15. Defendant Dorsey has represented to Ms. Thomas that he regularly invests in small businesses.

16. Defendant Dorsey has represented to Ms. Thomas that he regularly operates small businesses.

17. Defendant Dorsey has represented to Ms. Thomas that he and his companies are savvy investors with significant business operations expertise.

18. In or around January of 2015, Defendant Dorsey contacted Ms. Thomas to invest in a retail opportunity ("The Museum Shop").

19. Defendant Dorsey, Ms. Thomas, and a third party each agreed to invest $60,000 into The Museum Shop, for a total of $180,000 in investment funds.

20. Ms. Thomas tendered $60,000 to Defendant Dorsey as investment funds for the Museum Shop retail opportunity.

21. Defendant Dorsey carried the responsibility of safekeeping the investment funds.

22. Defendant Dorsey was responsible for handling the basic entity formation matters.

23. Defendant Dorsey promised to place the investment funds in a money market account and hold it in trust for the business.

24. Defendant Dorsey stated that the initial purpose for offering to hold Ms. Thomas's money was to serve as a fiduciary.

25. Defendant Dorsey stated that the ultimate purpose for offering to hold Ms. Thomas's money was to consolidate the investment funds of Defendant, the third party, and Ms. Thomas so that the funds could be contributed to the capital of the business.

26. Ms. Thomas was promised a 33.33% ownership interest in The Museum Shop.

27. Defendant Dorsey promised to only draw money from the investment funds upon need.

28. Defendant Dorsey failed to provide Ms. Thomas with any indicia or other evidence that the investment funds are in a money market account.

29. On or around September 15, 2015, Ms. Thomas requested that Defendant Dorsey present evidence that the investment funds are in the money market account.

30. As of the date of the filing of this complaint, Defendant Dorsey has failed to provide an accounting of the investment funds.

31. As of the date of the filing of this Complaint, Defendant Dorsey has failed to provide Ms. Thomas with any evidence that the funds are held in a money market account.

## **GRAB VISION GROUP, LLC INVESTMENT**

32. Defendant Dorsey is an owner of Defendant Blueprint, LLC.

33. Defendant Blueprint, LLC is an owner of Defendant Grab Vision Group, LLC.

34. On or around February 1, 2015, Defendants presented Ms. Thomas with an opportunity to invest in Grab Vision Group, LLC as a part owner.

35. Defendants presented Ms. Thomas with a business plan for their Grab Vision Group, LLC business.

36. Defendants presented Ms. Thomas with an operating agreement for the Grab Vision Group, LLC business.

37. Defendants presented Ms. Thomas with tax filings that demonstrate ownership distribution of the company.

38. Defendants represented to Ms. Thomas that Grab Vision Group, LLC is a profitable and growing company.

39. Defendants promised Ms. Thomas that, in return for making a $15,000 investment in Grab Vision Group, LLC, she is to receive shares in Grab Vision Group, LLC worth $15,000.

40. Defendants required Ms. Thomas to tender a $15,000 check for her investment in Grab Vision Group, LLC.

41. Defendants received Ms. Thomas's $15,000 check for an investment in Grab Vision Group, LLC.

42. Defendants failed to provide Ms. Thomas with any membership certificates or other evidence of her ownership in Grab Vision Group, LLC.

43. Ms. Thomas has lost opportunities to invest in other businesses due to Defendants' actions.

44. Ms. Thomas has lost opportunities to reinvest funds into her own company due to Defendants' actions.

45. Ms. Thomas used her own funds to finance transportation costs and food costs to help facilitate meetings concerning the transactions discussed in this Complaint.

## COUNT I. BREACH OF CONTRACT

46. Ms. Thomas reaffirms and realleges paragraphs 1 through 45 hereinabove as if set forth more fully hereinbelow.

47. Ms. Thomas and Defendant Dorsey entered into a binding agreement that required a $60,000 investment from Ms. Thomas.

48. Defendant Dorsey has not fulfilled his obligations under the terms of the agreement.

49. Defendant Dorsey breached the contract when he failed to deposit the investment funds into a money market account.

50. Ms. Thomas is entitled to any and all compensatory damages flowing from Defendant Dorsey's breach of contract.

## COUNT II. BREACH OF CONTRACT

51. Ms. Thomas reaffirms and realleges paragraphs 1 through 45 hereinabove as if set forth more fully hereinbelow.

52. Ms. Thomas and Defendants entered into a binding agreement that required a $15,000 investment from Ms. Thomas.

53. Defendants have not fulfilled their obligations.

54. Defendants breached the contract when they failed to provide Ms. Thomas with evidence of her ownership of Grab Vision Group, LLC.

55. Ms. Thomas is entitled to any and all compensatory damages flowing from Defendant's breach of contract.

## COUNT III.  BREACH OF FIDUCIARY DUTY

56. Ms. Thomas reaffirms and realleges paragraphs 1 through 45 hereinabove as if set forth more fully hereinbelow.

57. Defendant Dorsey was held in a position of trust when he received the $60,000 investment.

58. Defendant Dorsey served as a fiduciary when he received the $60,000 investment.

59. Defendant Dorsey breached his fiduciary duty when he failed to place the investment funds in a money market account.

60. Defendant Dorsey breached his fiduciary duty when he failed to provide an accounting of the investment funds and expenditures.

61. Ms. Thomas is entitled to any and all compensatory damages flowing from Defendant Dorsey's breach of fiduciary duty.

## COUNT IV.  BREACH OF FIDUCIARY DUTY

62. Ms. Thomas reaffirms and realleges paragraphs 1 through 45 hereinabove as if set forth more fully hereinbelow.

63. Defendants were in a position of trust when they received the $15,000 investment.

64. Defendants served as a fiduciary when they received the $15,000 investment.

65. Defendants breached their fiduciary duty when they failed to present Ms. Thomas with evidence of ownership in Grab Vision Group, LLC.

66. Ms. Thomas is entitled to any and all compensatory damages flowing from Defendants' breach of fiduciary duty.

## COUNT V. CIVIL CONSPIRACY

67. Ms. Thomas reaffirms and realleges paragraphs 1 through 45 hereinabove as if set forth more fully hereinbelow.

68. Defendants agreed to seek funds from Ms. Thomas under the guise of an investment into Grab Vision Group, LLC.

69. Defendants received $15,000 in funds from Ms. Thomas.

70. Defendants failed to provide evidence of Ms. Thomas's ownership interest in Grab Vision Group, LLC.

71. Ms. Thomas is entitled to any and all compensatory damages flowing from Defendants' civil conspiracy.

## COUNT VI. UNJUST ENRICHMENT

72. Ms. Thomas reaffirms and realleges paragraphs 1 through 45 hereinabove as if set forth more fully hereinbelow.

73. Defendants have received investment funds from Ms. Thomas.

74. Defendants have not provided any services to Ms. Thomas.

75. It would be unjust for Defendants to keep the investment funds.

76. Ms. Thomas is entitled to any and all compensatory damages flowing from Defendants' unjust enrichment.

## COUNT VII. CONSTRUCTIVE FRAUD

77. Ms. Thomas reaffirms and realleges paragraphs 1 through 45 hereinabove as if set forth more fully hereinbelow.

78. Defendant Dorsey falsely represented that he would put Ms. Thomas's $60,000 investment in a money market account.

79. Defendant Dorsey made the misrepresentation with reckless indifference as to its truth.

80. Defendant Dorsey's misrepresentation had a tendency to deceive others.

81. Defendant Dorsey was in a position of trust when he received the $60,000 investment.

82. Defendant Dorsey served as a fiduciary when he received the $60,000 investment.

83. Defendant Dorsey breached his fiduciary duty when he failed to hold Ms. Thomas's funds in trust.

84. Defendant Dorsey breached his fiduciary duty when he failed to place Ms. Thomas's investment funds in a money market account.

85. Ms. Thomas relied on Defendant Dorsey's misrepresentation when she tendered the $60,000 investment to Defendant Dorsey.

86. Ms. Thomas had the right to rely on Defendant Dorsey's misrepresentation.

87. Ms. Thomas suffered the injury of losing the use of her $60,000 investment.

88. Ms. Thomas is entitled to any and all compensatory damages flowing from Defendant Dorsey's fraudulent misrepresentation.


**COUNT VIII. BREACH OF IMPLIED COVENANT OF GOOD FAITH**

89. Ms. Thomas reaffirms and realleges paragraphs 1 through 45 hereinabove as if set forth more fully hereinbelow.

90. The Agreements between Ms. Thomas and Defendants contained an implied covenant of good faith and fair dealing.

91. Notwithstanding this implied covenant, by failing to keep Ms. Thomas's investment funds in trust, Defendants breached the agreement.

92. Notwithstanding this implied covenant, by failing to place Ms. Thomas's investment funds in a money market account, Defendants breached the agreement.

93. Notwithstanding this implied covenant, by failing to provide Ms. Thomas with indicia of her investment in Grab Vision Group, LLC, Defendants breached the agreement.

94. Ms. Thomas has fully performed all of the terms and conditions required of Ms. Thomas, except those waived, excused, or prevented by Defendants, and Defendants' performance has not been excused.

95. Such actions by Defendants, among other wrongful conduct, breached the implied covenant of good faith and fair dealing.

96. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Ms. Thomas has suffered compensatory damages and punitive damages in an amount to be proven at trial.

## **RELIEF SOUGHT**

Wherefore, having set forth the above described legally sufficient causes of action against the Defendants, Ms. Thomas prays for the entry of Final Judgment against Defendants jointly and severally for compensatory and punitive damages in an amount of $150,000, additional damages not yet quantified but to be proven at trial, such other amounts to be proven at trial, restitution, an award for costs and attorneys' fees, and for any other and further relief which the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Ms. Thomas demands a trial by jury of all matters so triable as a matter of right.

Respectfully Submitted,

/s/
Luke A. McQueen, Esquire
1220 L Street N.W., Suite 700
Washington, D.C. 20005
Tel:   202.644.1109
Fax:   202.770.3823
luke@bahlegal.com
*Counsel for Plaintiff*