UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

April 13, 2016

MEMORANDUM TO COUNSEL RE:        <u>Thomas v. Dorsey, et al.</u>
                                 Civil Action No. GLR-15-3085

Dear Counsel:

    Pending before the Court are four motions: (1) Defendant's, Grab Vision Group, LLC ("GVG"), Motion to Dismiss Plaintiff Raquel Thomas's Complaint for lack of subject-matter jurisdiction (ECF No. 5); (2) Defendant's, Blueprint, LLC ("Blueprint"), Motion for Summary Judgment (ECF No. 6); (3) Blueprint's Motion to Dismiss for Failure to Serve Indispensable Party (ECF No. 13); and (4) Thomas's Motion for Leave to File Opposition to Blueprint's Motion to Dismiss (ECF No. 15). The Motions are ripe for disposition. Having considered the Motions and supporting documents, the Court finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons stated below, the Court will grant GVG's and Thomas's Motions and deny Blueprint's Motions as moot.

    In or around January 2015, Defendant Raymond Dorsey contacted Thomas about investing in a retail opportunity ("The Museum Shop") whereby Dorsey, Thomas, and a third party would each contribute $60,000. Thomas paid her investment funds to Dorsey, who was to place the funds in a money market account and hold it in trust for the business. On or around February 1, 2015, Dorsey, GVG, and Blueprint presented Thomas with an opportunity to invest $15,000 in GVG in exchange for shares of GVG. Thomas paid Defendants $15,000, but Dorsey did not provide Thomas with any evidence of her ownership in GVG. Additionally, on or around September 15, 2015, Thomas requested that Dorsey present evidence that The Museum Shop investment funds were in a money market account, but Dorsey failed to do so.

    On October 9, 2015, Thomas initiated this suit alleging: breach of contract against Dorsey (Count I); breach of contract against Defendants (Count II); breach of fiduciary duty against Dorsey (Count III); breach of fiduciary duty against Defendants (Count IV); civil conspiracy against Defendants (Count V); unjust enrichment against Defendants (Count VI); constructive fraud against Dorsey (Count VII); and breach of implied covenant of good faith against Defendants (Count VIII). (ECF No. 1). On November 17, 2015, GVG filed a Motion to Dismiss for lack of subject-matter jurisdiction (ECF No. 5). On December 3, 2015, Blueprint filed a Motion for Summary Judgment (ECF No. 6). On December 4, 2015, Thomas filed an Opposition to GVG's Motion to Dismiss (ECF No. 8), and GVG filed a Reply to Thomas's Opposition on December 21, 2015 (ECF No. 9). Also on December 21, 2015, Thomas filed an untimely Amended Complaint (ECF No. 10).[1] The next day, Thomas filed an Opposition to Blueprint's Motion for Summary Judgment (ECF No. 12). On January 21, 2015, Blueprint filed a

---

[1] Finding that "justice so requires," the Court will accept and consider Thomas's Amended Complaint for purposes of resolving the pending Motions. <u>See</u> Fed.R.Civ.P. 15(a)(2).

Motion to Dismiss for Failure to Serve Indispensable Party (ECF No. 13). On March 8, 2016, Thomas filed an untimely Opposition to Blueprint's Motion to Dismiss (ECF No. 14) and a Motion for Leave to File Opposition (ECF No. 15).[2] Blueprint replied to Thomas's Opposition on March 28, 2016 (ECF No. 19).

**GVG's Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. While the plaintiff bears the burden of proving the court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 777 (D.Md. 2010) (quoting Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999)). The pleadings should be regarded as "mere evidence on the issue," and courts "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans, 166 F.3d at 647 (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

In her Amended Complaint, Thomas alleges the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (2012). Diversity jurisdiction exists in all civil actions between citizens of different states in which the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[T]o establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). In most cases, the amount in controversy determination depends on the "sum claimed by the plaintiff." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). A plaintiff whose complaint alleges a sufficient amount in controversy, however, cannot secure jurisdiction "if, from the proofs, the court is satisfied to a legal certainty that the plaintiff never was entitled to recover that amount." Id. (quoting St. Paul Mercury, 303 U.S. at 289). Although smaller claims can be aggregated under some circumstances to satisfy the amount in controversy requirement, "claims that are simply pleading alternative legal theories to recover for one harm cannot be aggregated to reach the amount in controversy threshold." Johnson v. Xerox Educ. Sols. LLC, No. GJH-14-CV-15422, 2014 WL 5361302, at *4 (D.Md. Oct. 20, 2014).

The parties agree that complete diversity is satisfied. They disagree, however, on whether Thomas has sufficiently pled the minimum amount in controversy requirement. Although Thomas alleges compensatory and punitive damages in the amount of $150,000, her claims against all Defendants are pled in the alternative. As such, Thomas is only entitled to recover a maximum of $60,000 from Dorsey for The Museum Shop investment and a maximum of $15,000 from Defendants for her GVG investment. Because the amount in controversy must <u>exceed</u> $75,000, Thomas must plead entitlement to some amount of punitive damages to sufficiently plead diversity jurisdiction.

---

[2] Finding excusable neglect, the Court will grant Thomas's unopposed Motion for Leave (ECF No. 15), and consider her untimely Opposition (ECF No. 14). See Fed.R.Civ.P. 6(b)(1)(B).

To plead entitlement to punitive damages, Thomas must plead "'actual malice,' which means 'conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will, or fraud.'" Siarkowski v. Petco Animal Supplies, Inc., No. CV DKC 15-0430, 2015 WL 6956522, at *4 (D.Md. Nov. 3, 2015) (quoting Montgomery Ward v. Wilson, 664 A.2d 916, 932 (Md. 1995)). Pleading actual malice in a conclusory manner will not suffice—Thomas "must plead actual malice with 'a high degree of specificity' . . . and must allege in detail . . . the facts that indicate the entertainment by the [Defendants] of an evil motive or intent." Id. (quoting Dow v. Jones, 232 F.Supp.2d 491, 496 (D.Md. 2002)). Thomas's Amended Complaint is devoid of any allegations of actual malice; she pleads no facts from which the Court could reasonably infer Defendants' conduct was motivated by an evil motive or intent. The Court, therefore, concludes that Thomas fails to sufficiently plead diversity jurisdiction.

Accordingly, the Court concludes it lacks subject-matter jurisdiction over this matter and will grant GVG's Motion and dismiss Thomas's Amended Complaint as to all Defendants.[3]

Based on the foregoing reasons, Thomas's Motion for Leave to File Opposition (ECF No. 15) is GRANTED, GVG's Motion to Dismiss for lack of subject-matter jurisdiction (ECF No. 5) is GRANTED, and Blueprint's Motion for Summary Judgment (ECF No. 6) and Motion to Dismiss for Failure to Serve Indispensable Party (ECF No. 13) are DENIED AS MOOT. Thomas's Amended Complaint is DISMISSED. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge

---

[3] Though Blueprint does not move to dismiss this action for a lack of subject-matter jurisdiction, the Court will dismiss Thomas's Amended Complaint and deny Blueprint's Motions as moot. See Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Brickwood Contractors., Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court.").